facts necessary to make the exception operative, as they sought to avoid a well settled rule of law and equity. But the register has overlooked the American decisions upon this question which I have cited, and it seems clear that the weight of authority preponderates greatly against his decision. I can perceive nothing in his opinion to warrant me in modifying the views which I have expressed.

Third. To pass the title to partnership property to one member of the firm, the transaction must be bona fide. If there be want of good faith sufficient to raise a presumption of fraud, equity will declare the assignment void. It has already been seen that insolvency of the firm, and the members of it, and even a knowledge of such insolvency by the partners, will not make the transaction void. The circumstances of this case, however, are peculiar, and, so far as the law of bankruptcy is concerned, I have not been able to find a parallel to it in the books. But five days intervened between the dissolution and the filing of the petition, and one was a Sunday. Allowing a reasonable time for the preparation of the petition and schedules, the conclusion is almost irresistible that the bankrupt had in contemplation the filing of his petition at the very time he accepted the transfer of the partnership property. Surely this consideration is sufficient to make the assignment void as to the joint creditors, and to return the proceeds arising from the sale of the stock of hats, caps, and furs to the order and disposition of the partnership as joint estate. The first and third questions are decided in the affirmative, and the second in the negative, and the assignee is directed to prepare separate accounts to be presented by him at the adjourned second meeting. And the said parties requested that the same should be certified to the judge for his opinion thereon.

McCANDLESS, District Judge. The register is clearly right upon several points presented, and his decision is affirmed.

BYRNE (BAIRD v.). See Case No. 757.

## Case No. 2,271.

### BYRNE v. CARPENTER.

[1 Cranch, C. C. 481.][1]

Circuit Court, District of Columbia. June Term, 1808.

EXONERATION OF B il.—INSOLVENCY OF PRINCIPAL.

The discharge of the principal under the insolvent act, before the return of the ca. sa., may

[1] [Reported by Hon. William Cranch, Chief Judge.]

be pleaded in bar to a scire facias against the bail.
  [Cited in Channing v. Reiley, Case No. 2,-596.]
  [See Beers v. Haughton, Case No. 1,230; Richardson v. McIntyre, Id. 11,789; Bussard v. Warner, Id. 2,229; King v. Simm, Id. 7,-805.]

At law. Scire facias. Plea, that King was discharged under the insolvent law, before the return of the capias ad satisfaciendum. General demurrer.

Mr. Youngs, for plaintiff.

The insolvent act provides that the discharge of the debtor shall not discharge any other person, from any undertaking, &c. The plaintiff has a right to have the defendant brought in, so that he may be served with notice of a petition to vacate his discharge.

Mr. Caldwell, contra.

Whatever discharges the principal from the obligation of surrendering his body, is a discharge to the bail. The bail cannot hold the principal in custody after his discharge under the insolvent act. Upon application to a judge, he is bound to discharge him. If the bail surrenders him, the court must discharge him, whether the discharge is fraudulent or not. The surrender of the principal would be nugatory, and the law will not oblige a man to do a void act. The principal, upon his discharge, may and generally does go off; and if the bail cannot hold him, it would be a hard case. Cur. adv. vult.

Judgment for the defendant, on the demurrer (nem. con.).

BYRNE (HINCKLEY v.). See Case No. 6,-510.

## Case No. 2,272.

### BYRNE v. HOLT.

[2 Wash. C. C. 282.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

VACATING JUDGMENT — WARRANT OF ATTORNEY—
RESIDENT PARTIES.

A judgment entered on a bond with warrant of attorney, was set aside, the defendant having, some months before the time of executing it, resided in this state, and describing himself in the bond, as late a resident of the state of Delaware.

The defendant obtained a rule upon the plaintiff, to show cause why the judgment entered in this case, and the execution, should not be set aside. The judgment was entered in the clerk's office on a bond, with a power of attorney to confess judgment, dated in September, 1806. The judgment

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]