## Case No. 2,596.

### CHANNING v. REILEY.

[4 Cranch, C. C. 528.] [1]

Circuit Court, District of Columbia.    March Term, 1835.

#### FOLLOWING STATE DECISION.

This court will give to a discharge under the insolvent law of a state the same effect here as it would have in the state in which it was granted.

Bayard Smith, for defendant, moved to enter his appearance without special bail, the defendant having been discharged under the insolvent law of New York.

Mr. Wallach, contra, stated that this action was brought upon a judgment recovered in Ohio by the plaintiff, who was then a citizen of Connecticut. The discharge produced by the defendant was under the insolvent law of New York.

Mr. Wallach cited White v. Canfield, 7 Johns. 117; Sicard v. Whale, 11 Johns. 194; Hayton v. Wilkinson [Case No. 6,272]; Whittemore v. Adams, 2 Cow. 626; James v. Allen, 1 Dall. [1 U. S.] 188; Peck v. Hozier, 14 Johns. 346; S. P. 2 Wash. C. C. 157 [Webster v. Massey, Case No. 17,336]; Sherrill v. Hopkins, 1 Cow. 103; Sturges v. Crowninshield and McMillan v. McNeill, 4 Wheat. [17 U. S.] 122, 209; Van Raugh v. Van Arsdaln, 3 Caines, 154; Campbell v. Claudius [Case No. 2,356].

Mr. Smith cited [M'Kim v. Marshall] 1 Har. & J. 101; Richmond v. De Young, 3 Gill. & J. 66; and Penniman v. Meigs, 9 Johns. 325.

[Before CRANCH, Chief Judge, and MORSELL, Circuit Judge.]

CRANCH, Chief Judge. The decisions in the several state courts and in the circuit courts of the United States have been various. This court has always uniformly followed the decisions in the state courts of Pennsylvania and Maryland, as they stood at the time of the first case in which the court was called upon to decide upon the effect of a discharge under the insolvent law of one of the states. The rule adopted by this court, and from which it has never departed, is to give the discharge the same effect here that it would have in the state in which it was granted. The court thought that this rule was not only sanctioned, but required, by the first section of the fourth article of the constitution of the United States, which declares that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state;" and by the act of congress of the 26th of May, 1790 (1 Stat. 122), which declares that they "shall have such faith and credit given to them in every court within the United States, as they have

by law or usage, in the courts of the state from whence the said records are, or shall be, taken. This court, to be consistent, must adhere to the rule thus adopted, and sanctioned by thirty years' practice, until a different rule shall have been authoritatively settled by a superior tribunal.

The question then, is, whether this discharge, under the law of New York, which is now produced by the defendant, would have protected him from arrest, or would have entitled him to appear without special bail, if this action had been brought in that state. None of the cases cited by Mr. Wallach show that it would not. They were all, except Sherrill v. Hopkins and Campbell v. Claudius [supra], cases of discharge under laws of other states; not of the state in which the defendants were arrested and sought to avail themselves of the benefit of the discharge. In the case of Sherrill v. Hopkins, the question was not whether the defendant should appear without bail, but whether the contract itself was discharged. Neither that case, nor the case of Sturges v. Crowninshield, nor McMillan v. McNeill [supra], touches the present question. In the case of Campbell v. Claudius [supra], Mr. Justice Washington said: "It is true that the courts of the state where the discharge is given may be bound to discharge on common bail, no matter where the debt was contracted; but the federal courts, or the courts of other states, are under no such obligation; and they ought not, on the ground of comity, to give it effect in their courts. The state laws as to rights, furnish rules of decision for the federal courts, under certain qualifications; but as to remedies, they have no binding force in those courts." This decision applies only to the court in which it was made, and is no authority elsewhere. What he says of the obligation of the state courts, is but a dictum; and it only denies the obligation, not the discretion of those courts, to admit the defendant to appear on common bail.

The cases, referred to by the plaintiff's counsel, are cited to show that the long course of cases in which this court has uniformly decided that they will give the same effect to a discharge under the insolvent law of a state which would be given to it by the courts of the state in which it was obtained, should be overruled. Some of the cases cited show that the creditor cannot be affected by an insolvent law of a state to whose jurisdiction he has not subjected himself, so far as the rights of the creditor are concerned; but none of them go so far as to say that if he resorts to the courts of that state, he is not bound by its laws, so far as his remedy is concerned. Nor is it denied in any of them that it is competent for a state court, or for this court, which exercises jurisdiction analogous to that of a state court, to permit a defendant to ap-

pear on common bail, who has surrendered all his property, and whose person has been thereupon discharged under an insolvent law ·of one of the states. In Byrne v. Carpenter [Case No. 2,271], this court at December term, 1807, or 1808, decided upon demurrer, ·that the discharge of the principal under the insolvent law, before the return of the ca. sa. was a good discharge of the bail. See, also, Sears v. Noon [Id. 12,590] June, 1820; King v. Sim [Id. 7,805]; Jones v. Lear [Id. 7,476] April, 1824; Robert Bailey's Case [Id. 731] 1821; and the cases cited in King v. Sim [supra].

We are informed also that the supreme ·court of the United States, at its last session, decided, in a case not yet reported, that the circuit courts of the United States .are bound to give the same effect to an insolvent discharge which a court of the state in which the circuit court sits, would give to it. But however this may be, the rule of this court, as before stated, has been long ·established; and as there is no reason to doubt that if this suit had been brought in a state court in New York the defend-ant would have been permitted to appear upon common bail (9 Johns. 325), we must permit him so to appear in this court. When arrested in New York he was obliged to ·surrender all his property, wherever situ-ated, before he could be discharged. An arrest is no satisfaction in itself. It is only the means of compelling the defendant to do what he has already done, that is, to surrender his property. If he cannot avail himself of this surrender, and if he should be arrested in a place where there is no insolvent law, as he would have neither property nor credit, the consequence might be perpetual imprisonment. I am, therefore, ·of opinion that the defendant should be permitted to appear without special bail.

MORSELL, Circuit Judge, concurred with the chief justice in the result of his opinion, but stated it as his opinion that where the discharge was not obtained in the state where the contract was made, the courts of another state could not permit the defendant ·to appear without special bail.